The Honorable Morril Harriman State Senator 522 Main Street Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion on several questions concerning television and radio stations. You have asked three specific questions which will be set out below and answered in the order posed. Your first question is as follows:
 1. Is there any provision within the Arkansas Code which would prohibit a television station, radio station, newspaper, billboard company or other media from accepting and broadcasting or publishing advertising material concerning a gaming activity which is legal at the situs of such activity?
Specifically, you note that the State of Oklahoma permits bingo and games of chance to be conducted by nonprofit organizations which have been properly licensed by the state, "with the Indian National Bingo being a very rapid growing business enterprise". You also note that to our northern border, the State of Missouri has a legalized state lottery.
We should note that this office has previously issued an opinion addressing your question as it relates to newspaper advertising of other states' lotteries. See Opinion No.86-40, a copy of which is enclosed. It was opined therein that no prohibition could be found in Arkansas law which would prohibit a newspaper advertising or publishing advertising for a state lottery in another state.
Also relevant to your first inquiry is A.C.A. 5-66-114, which provides in pertinent part as follows:
 (a) It shall be unlawful for any person, partnership, or corporation to receive or transmit information in the State of Arkansas relating to football, baseball, basketball, hockey, polo, tennis, horse racing, boxing, or any other sport or game for the purpose of gaming.
 1. This section shall not apply to radio stations or newspapers disseminating such information as news, entertainment, or advertising medium. [Emphasis added.]
Although the provision above does not specifically mention television stations or billboard companies, it is my opinion that the legislative intent of the section is clearly to except from criminal liability bona fide media advertising.
Additionally, it should be noted that A.C.A. 5-66-119 (Supp. 1989), provides ad follows:
 (c)(1) The General Assembly recognizes that the present laws relating to lotteries are vague in certain areas and, although designed to prohibit the operation of lotteries in the state, may be interpreted to prohibit even the printing of lottery tickets by companies in this state for distribution in other states where lotteries are legal; that there are companies in this state which print various types of tickets, stamps, tags, coupon books, and similar devices and which may be interested in printing lottery tickets for states in which lotteries are lawful; and that it is the intent and purpose of this section to clarify the present law relating to lotteries to specifically permit businesses in Arkansas to print lottery tickets for use in states where lotteries are lawful.
Although this provision involves printing, not advertising, it is my opinion that it is evidence of the general legislative intent that business activities revolving around lotteries or gaming activities which are lawful where they are held are not prohibited by the statutes.
Your question inquires only as to the applicable Arkansas law, and does not implicate federal law. Of course, reference to relevant federal law, including FCC regulations, will be necessary in order to arrive at a conclusive determination as to whether the activity you describe is "legal". See e.g. "The Indian Gaming Regulatory Act",25 U.S.C. § 2701 et seq.
Your second and third questions pose two situations and ask what state laws would be applicable to them. These situations are restated as follows:
 (1) A television or radio station is licensed by the Federal Communications Commission to a city not located within the State of Arkansas but whose studios and broadcast origination situs is located within the State of Arkansas.
 (2) A television or radio station is licensed by the Federal Communications Commission to a city within the State of Arkansas and Whose studios and situs or origination of broadcast is within the State of Arkansas, but whose final transmission tower facility is located outside the State of Arkansas.
It is my opinion that there are no state laws relevant to the situations you describe. Reference, however, to applicable federal laws and FCC regulations is advisable.
Sincerely,
RON FIELDS Attorney General
RF:arb